<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUDREY S.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 24cv8035 (EP)<br><br>**OPINION** |

**PADIN**, District Judge.

*Pro se* Plaintiff Audrey S. appeals from the Social Security Administration's ("SSA") denial of disability insurance benefits ("DIB") pursuant to the Social Security Act, 42 U.S.C. §§ 401–34. D.E. 1 (the "Appeal"). The Court has considered the parties' submissions and decides Plaintiff's Appeal without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **DENY** the Appeal.

**I.     BACKGROUND**

   **A.     Procedural Background**

On November 4, 2019, Plaintiff filed an application for DIB, stating that she became unable to work on February 8, 2011, due to a back injury. D.E. 9 ("R"[2]) at 235–41. The SSA initially denied Plaintiff's claim on February 11, 2020. *Id.* at 95–99. Plaintiff filed a request for reconsideration of the denial on April 1, 2020. *Id.* at 87.

---

[1] To protect the privacy interests of plaintiffs in social security cases, the Court adopts the recommendation of the Judicial Conference of the United States to refer to plaintiffs in social security cases by their first name and last initial. *Veronica D. v. Comm'r of Soc. Sec.*, No. 24-1326, 2025 WL 2665313, at *8 (M.D. Pa. Sept. 17, 2025).

[2] The Court refers to the Administrative Record as "R."

Her request for reconsideration was granted on September 21, 2020, when she received a notice of award of DIB stating that she would "receive $23,137.00 around September 22, 2020"—as money due for November 2018 through August 2020, and "$1,063.00 on or about the third Wednesday of each month." *Id.* at 88–93 ("Notice of Award"). The Notice of Award also explained that the SSA had found that Plaintiff "became disabled under [its] rules on February 8, 2011" and that "[b]y law, [it] c[ould] pay benefits no earlier than 12 months before the month of filing." *Id.* at 88. Accordingly, "[s]ince [Plaintiff] filed for benefits on November 4, 2019, monthly payments w[ould] begin November 2018." *Id.*

On October 18, 2020, Plaintiff then filed a request for a hearing by an administrative law judge ("ALJ"), explaining:

> I agree with the determination that I have been disable since February 8, 2011 I believe. I am entitle to be retroactive pay from the date I 1st became disable. Please review, and if its some kind of law, please show me. Thank you[.]

*Id.* at 94.

ALJ Kenneth Ayers held a first hearing on January 27, 2022, at which he informed Plaintiff of her right to representation. *Id.* at 29. Plaintiff nevertheless chose to appear without the assistance of counsel. *Id.* The ALJ then decided to "reset the matter to investigate whether the merits of the disability claim were before" him. *Id.* He then held a second hearing on May 12, 2022. *Id.* at 37. The ALJ issued an unfavorable decision on June 2, 2022. *Id.* at 26–32. Plaintiff appealed the ALJ's decision to the SSA Appeals Council, which denied review on August 31, 2023. *Id.* at 8–11.

Plaintiff then filed two requests for more time to file a civil action, which the Appeals Council granted, extending her time to file a civil action until July 31, 2024. *Id.* at 1–7. Plaintiff timely filed this Appeal on July 25, 2024. The Commissioner filed the Administrative Record on

2

December 31, 2024. R. On February 18, 2025, this Court entered an order explaining that, pursuant to Rule 6 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), Plaintiff had missed her deadline to file her opening brief, but permitting her to, in the interest of justice, file her brief by March 7, 2025. D.E. 10.

On March 6, 2025, Plaintiff filed a letter dated March 5, 2025, indicating that she was unaware of her requirement to file a brief and that she was unaware of the Court's February 18, 2025, order until she spoke with the Clerk's office on February 27, 2025, to inquire as to the status of this case. D.E. 11. Plaintiff advised the Court that she began drafting her brief on March 1, 2025, but would be travelling for two weeks starting on March 8, 2025. *Id.* Plaintiff attached to her letter what appeared to be an incomplete draft brief. *Id.* The Court construed Plaintiff's March 5 letter as requesting an extension of time to file her brief and allowed Plaintiff until March 31, 2025, to file a complete brief rather than requiring Plaintiff to rely on her incomplete brief. D.E. 12. The Court did not, however, receive a timely filed complete brief. *See* Dkt. As such, on April 14, 2025, the Court ordered that the attachment to D.E. 11 titled "This is my Brief: Audrey S[.], dated 3/4/2025" be construed as Plaintiff's brief and ordered the Commissioner to respond within 30 days. D.E. 13. On April 21, Plaintiff filed a letter on the docket, dated April 17, 2025, explaining that she had attempted to file her complete brief with the Clerk's office on March 31, 2025, but that brief was erroneously not filed. D.E. 14. Also on April 21, Plaintiff filed a second letter, dated April 18, 2025, D.E. 15, attaching what appears to be the second part of her previously incomplete brief, D.E. 15-1. The Court accordingly ordered on April 22, 2025, that it would construe D.E. 11 titled "This is my Brief: Audrey S[.], dated 3/4/2025" together with D.E. 15-1 titled "This is my Brief: Audrey S[.], Please add & include this Brief dated 3/30/25 to the Brief dated 3/4/2025 since it Appears my First Brief is in incomplete" as Plaintiff's brief, and required

3

the Commissioner to respond within 30 days. D.E. 16. The Court will therefore refer to D.E. 11 and D.E. 15-1 (together) as Plaintiff's "Brief" or "Br."

The Commissioner did not timely file his responsive brief, leading the Court to enter an order stating that it would deem that the Commissioner had waived the opportunity to respond to Plaintiff's Brief unless the Commissioner filed his brief within seven days of the order. D.E. 18. The Commissioner filed his responsive brief on July 22, 2025. D.E. 19 ("Opposition" or Opp.").

Plaintiff's reply brief was due on August 5, 2025, but she did not file the reply by that date. D.E. 21. She did, however, file a letter on August 6, 2025, explaining that she had received the Commissioner's Opposition and asking for clarification regarding when her reply brief was due. D.E. 20. The Court construed her August 6 letter as a request for an extension for Plaintiff to file her reply brief and ordered Plaintiff to file her reply brief by September 18, 2025. D.E. 21. Plaintiff filed her reply brief on September 17, 2025. D.E. 22 ("Reply").

### B. The ALJ's Decision

The ALJ first found that the only issue before him was whether Plaintiff could "get retroactive payments more than 12 months prior to the November 4, 2019, filing date of her" DIB application. R. at 30. He noted that "the issue of onset of disability was decided entirely in the claimant's favor" and "decided not to disturb the underlying fully favorable determination" of disability. *Id.* at 30.

The ALJ ultimately rejected Plaintiff's argument that she should have received retroactive payments back to the February 8, 2011, onset date of disability she had provided in her application for DIB, rather than payments for the 12 months prior to her November 4, 2019, filing of the application. *Id.* The ALJ explained that 42 U.S.C. § 423(b):

> clearly states that one cannot receive retroactive payments for more than 12 months preceding the filing date[,] . . . provid[ing] in pertinent part:

4

> "An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month."

R. at 31 (quoting § 423(b)). The ALJ also noted that SSA Program Operations Manual System ("POMS") DI 10105.015(B)[3] and GN 00204.030(E)[4] "only allow retroactivity up to 12 months for DIB claimants." *Id.* at 31.

The ALJ then found that Plaintiff's contention that "she was really disabled as of 2008 and therefore should receive payments even earlier" was "moot because whether or not disability began in 2011 or 2008, the claimant still would not be entitled to payments before November 2018 based on the November 4, 2019, filing date of her application." *Id.*[5] The ALJ further explained that he had "confirmed with the claimant multiple times on the record that there were no earlier applications than the one she filed in November 2019." *Id.*; *see also id.* at 54 ("Q[.] And that application you made in November of 2019 was the first time you applied, right for disability benefits? A[.] Yes, um-hum.").

The ALJ also found that Plaintiff had "fail[ed] to establish that [§ 423(b)] and [POMS DI 10105.015(B) and GN 00204.030(E)] are not applicable in this case, or that SSA misapplied its policy." *Id.* at 31.

---

[3] "An application for DIB may establish entitlement for any month in which the N[umber] H[older] [("NH")] meets all of the eligibility requirements in DI 10105.005 up to 12 months before the month the application is filed."

[4] "[The SSA] can allow retroactivity up to 12 months for DIB claimants and their auxiliaries (i.e. child, young spouse). However, retroactivity cannot be before the NH's date of disability onset or 5-month waiting period. For more information on retroactivity for DIB applications, see DI 10105.015."

[5] The ALJ also found that Plaintiff had "never challenged the 2011 alleged onset date . . . and that matter [was] not before [him] . . . ." *Id.*

5

Based on the foregoing, the ALJ concluded that the "retroactive payments as paid were correct." *Id.*

## II.   LEGAL STANDARD

In reviewing a SSA determination, this Court exercises plenary review over the Commissioner's legal conclusions but is bound by an ALJ's findings of fact unless they are not supported by "substantial evidence." *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999) ("[W]e have plenary review of all legal issues . . . and review the ALJ's findings of fact to determine whether they are supported by substantial evidence."). "To determine whether a finding is supported by substantial evidence, [the Court] must review the record as a whole." *Id.* (citing 5 U.S.C. § 706).

## III.   REVIEW OF THE COMMISSIONER'S DETERMINATION

In her Appeal, Plaintiff challenges the ALJ's determination that she is not entitled to DIB payments before November 2018 (12 months prior to the November 4, 2019, filing date of her DIB application). Br. at 4; Reply at 2. The Court finds that there are two component parts of the challenged determination, each subject to a different standard of review. *First*, the Court reviews *de novo* the legal question of whether the Act permits the payment of benefits retroactive to any time period earlier than 12 months prior to the filing of a DIB application. And *second*, the Court reviews the ALJ's finding of fact that Plaintiff had made no DIB applications prior to her November 4, 2019, application, R. at 31, to determine whether it is supported by substantial evidence.[6] After considering these two issues, the Court concludes (1) that there is a statutory one-

---

[6] Plaintiff also initially appeared to challenge the determination that her disability onset date was February 8, 2011, stating that she has "really been Disable[d] since 12/15/08." Br. at 4. However, she appears to have abandoned this challenge in her Reply. Reply at 2 ("As for what is before, this case, I am entitled to receive back pay to the date of 2/08/11, In reality it should be from the date

year limitation on payment of retroactive DIB and (2) that the ALJ's finding that Plaintiff made no DIB applications prior to her November 4, 2019, application is supported by substantial evidence. The Court accordingly holds that Plaintiff is not entitled to any further retroactive DIB payments and will **DENY** Plaintiff's Appeal.

      A.      **There Is a One-Year Limitation on the Payment of Retroactive DIB Payments**

Plaintiff appears to argue that the Commissioner's and the ALJ's characterization of § 423(b) as imposing a one-year limitation on the payment of retroactive DIB payments—and subsequent reliance on that statutory provision—is an error of law. *See* Reply at 2. More specifically, she maintains on Appeal—as she did before the ALJ—that:

> There is no Statue of the Law 42 USC 423 B (if even with a lower case (b) I typed it in as, 42 USC 423 b That is the only Statue I was cited with. . . . It isn't in other Government Sites, that I looked at. I believe this is an Error of Law.

*Id.*[7] Plaintiff also asks (perhaps rhetorically): "What is the point of having alleged on-set date. When they said, you can only collect retroactive pay, for 12 months prior to filing for Disability?" Br. at 4.

With respect to these arguments, the Court finds that (1) § 423(b) does in fact exist (and will direct the Clerk of Court to mail a copy to Plaintiff along with this Opinion and accompanying

---

of my car accident 12/15/09. Since I wrote the date, on my original application (since I didn't want to Lie! I told the Truth!) I will hold myself to be Accountable to the date."). In any event, the Court agrees with the ALJ that this issue is moot given the Court's conclusion that there is a statutory one-year limitation on payment of retroactive DIB.

[7] Plaintiff additionally—and understandably—appears confused regarding the ALJ's references to "Social Security Act, Section 223(b)," R. at 31, and the Commissioner's references to the same in his Opposition, Opp. at 4. Reply at 2 ("It says I was cited by the ALJ section 223(b) of the Social Security Act (the Act) as authority for the limit on retroactive benefits payments. I was Cited 42 USC 423 B."). The Court notes that 42 U.S.C. § 423(b) is also known as § 223(b) of the Social Security Act—in other words, they are the same provision with two different names. *See, e.g.*, Compilation of The Social Security Laws, available at https://www.ssa.gov/OP_Home/ssact/title02/0223.htm [https://perma.cc/6X7M-SQBY] ("SEC. 223. [42 U.S.C 423] . . . ." (brackets in original)).

Order), (2) § 423(b) sets a one-year limitation on the payment of retroactive DIB payments, and (3) this limitation is constitutional.

*First*, as noted above, 42 U.S.C § 423(b) does indeed exist. It is available at https://www.govinfo.gov/content/pkg/USCODE-2023-title42/pdf/USCODE-2023-title42-chap7-subchapII-sec423.pdf [https://perma.cc/Y666-JQDF]. The Clerk of Court will also mail a copy of this section to Plaintiff.

*Second*, the ALJ and Commissioner are correct that § 423(b) imposes a one-year limitation on the payment of retroactive DIB payments. The second half of § 423(b) clearly states that:

> An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month.

*Id.* The Third Circuit has accordingly held that § 423(b) "limit[s] the payment of retroactive benefits to a 12–month period prior to the date of the application." *Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).[8]

And *third*, given Plaintiff's *pro se* status, the Court construes her comments regarding the fairness and appropriateness of this one-year limitation imposed by § 423(b)[9] as a challenge to the provision's constitutionality—a challenge the Court nevertheless rejects. While the Third Circuit has not addressed the constitutionality of § 423(b) head-on, several courts—including this District—have done so, with each court finding the provision constitutional. *See, e.g.*, *Mitchell v.*

---

[8] Numerous other courts of appeal have held the same. *See, e.g.*, *Van Horn v. Heckler*, 717 F.2d 1196, 1200 (8th Cir. 1983); *Green v. Matthews*, 550 F.2d 458 (9th Cir. 1977); *Scarbrough v. Astrue*, 327 F. App'x 827, 830 (11th Cir. 2009).

[9] *See, e.g.*, Reply at 3 ("What is the point, of Having an Alleged onset date, AOD, If they are only going to pay you 12 months of Retroactive Pay. . . . I feel my Constitutional Rights & My Process Rights have been Violated, over & over again.").

*Harris*, 496 F. Supp. 230, 232 (D.N.J. 1980); *Yeiter By & Through Yeiter v. Sec'y of Health & Hum. Servs.*, 818 F.2d 8, 9 (6th Cir. 1987) (in the context of DIB applications for mental incapacity); *Tusson v. Bowen*, 675 F. Supp. 1032, 1035 (E.D. La. 1987), *aff'd*, 847 F.2d 284 (5th Cir. 1988) (also in the mental incapacity context); *Shepherd on Behalf of Shepherd v. Chater*, 932 F. Supp. 1314, 1318 (D. Utah 1996).

In the case in this District, Judge Meanor comprehensively addressed a challenge to the constitutionality of § 423(b) from a plaintiff similar to Plaintiff.  *Mitchell*, 496 F. Supp. at 230. This Court is convinced by Judge Meanor's thorough and well-reasoned opinion in *Mitchell* and adopts his reasoning as set forth below.

Judge Meanor first explained:

> That the plain meaning of [§] 423(b) bars plaintiff from recovering the eight years of benefits for which she was eligible, and that it is within Congress' power to so limit the payment of retroactive benefits, would seem to be beyond reasonable dispute, yet time and again federal courts have been called upon to sustain this and analogous provisions of the Social Security Act in the face of challenges to their constitutionality.

*Id.* at 232.  Judge Meanor then rejected the plaintiff's argument that "her interest in the receipt of disability insurance benefits, including retroactive payments, is a statutorily created 'property' interest cognizable under the due process clause of the fifth amendment" such that "the statutory time limitation on the payment of retroactive benefits under [§] 423(b), as applied to those who are ignorant of their potential eligibility for disability benefits because of the government's alleged failure to publicize the program, constitutes a denial of property without due process." *Id.* at 233. He explained that the plaintiff did not have a protected property interest in benefits for which she had not even applied because it was a "highly speculative and contingent 'interest' . . . ." *Id.* at 233–34.  Judge Meanor further found that "[e]ven assuming, *arguendo*, that the interest asserted by plaintiff is subject to constitutional protection, it would not follow that the application of the

9

time limitations of [§] 423(b) to preclude the payment of retroactive benefits beyond [one-year prior to plaintiff's application] is violative of the due process clause," because the Supreme Court had recognized that, in the context of social security benefits, "the 'Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.'" *Id.* at 234–35 (quoting *Flemming v. Nestor*, 363 U.S. 603, 611 (1960)). And he did not find that the statute was patently arbitrary, but rather that "the limitation on the payment of retroactive disability benefits serves as a rational means of furthering a legitimate legislative end: the preservation of the social security fund's fiscal integrity." *Id.* at 235.

Judge Meanor was similarly unconvinced by the plaintiff's equal protection claim wherein she asserted that "the classification embodied in [§] 423(b) discriminates between those with knowledge of the scope of the benefits available under the disability insurance program and those without such knowledge" and argued for the application of strict scrutiny. *Id.* at 235. He explained that the plaintiff's alleged classification was essentially a wealth-based classification, because "[i]mplicit in plaintiff's argument is the notion that the asserted classification somehow is based on the economic position of a potential beneficiary, those with lower incomes being more likely to lack the knowledge of their possible eligibility for social security benefits." *Id.* He then found this classification "without basis in law" given that the Supreme Court has rejected wealth-based equal protection arguments. *Id.* And, even, "[a]ssuming, *arguendo*, that there is a classification created by the statute in question," he held that "the preservation of the social security fund's fiscal integrity" was a "rational means of furthering a legitimate legislative end" and therefore "rationally based and free from invidious discrimination." *Id.* (citation modified).

As noted above, this Court adopts Judge Meanor's aforementioned reasoning. While the Court recognizes that this means that Plaintiff will not receive the DIB retroactive to the date of

10

onset of her disability to which she would have been entitled had she filed her application earlier—an undoubtedly frustrating reality, § 423(b) is, "however, unambiguous and cannot be construed away by this [C]ourt" given that "it is within Congress' power to so limit the payment of retroactive benefits" and is clearly constitutional. *Id.* at 232–33.

> **B.     The ALJ's Finding that Plaintiff Made No DIB Applications Prior to Her November 4, 2019, Application Is Supported by Substantial Evidence**

Although Plaintiff does not challenge the ALJ's finding that Plaintiff did not apply for DIB prior to November 4, 2019, the Court nevertheless reviews that finding because prior applications, even if rejected, may be reopened such that a claimant could receive benefits retroactive to an earlier application. *See Coup*, 824 F.2d at 317. Having undertaken this review, the Court finds, however, that the ALJ's finding that Plaintiff made no DIB applications prior to November 4, 2019, is supported by substantial evidence because the record unambiguously supports that finding. Plaintiff confirmed on the record at the May 12, 2022, hearing before the ALJ that her November 4, 2019, application was her first. R at 54 ("Q[.] And that application you made in November of 2019 was the first time you applied, right for disability benefits?  A[.] Yes, um-hum."). Plaintiff admits as such on Appeal. Br. at 3 ("My application, dated 11/04/2019 to Social Security, Disability was Disapproved. (This is the first time I applied For Social Security) . . . ."); Reply at 2 ("I first applied 11/04/19 to Social Security Disability . . . ."). Accordingly, the Court may not disturb the ALJ's finding that Plaintiff made no DIB applications prior to November 4, 2019.

Given that (1) as explained *supra* Section II.A, § 423(b) expressly (and constitutionally) limits the payment of retroactive DIB to one-year prior to the date of the application for DIB and (2) Plaintiff's first application for DIB was submitted on November 4, 2019, the Court agrees with the ALJ's determination that Plaintiff is not entitled to DIB payments for any time-period prior to

11

that for which she has already received retroactive payments (November 2018 through October 2019).[10]

## IV.   CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's Appeal.  An appropriate Order accompanies this Opinion.


Dated:  December 29, 2025

/s/ Evelyn Padin
Evelyn Padin, U.S.D.J.

---

[10] The Court further notes that Plaintiff devotes significant space in her briefs to outlining the various steps she has undertaken in connection with her DIB application and the subsequent proceedings and appeals.  *See generally* Brief; Reply.  While the Court is sympathetic to her concerns regarding the difficulty of navigating this process without aid of an attorney and understands her frustration regarding the amount of time this process has taken, Plaintiff's comments ultimately have no bearing on the dispositive fact here: that Plaintiff did not file her application until November 4, 2019, and therefore may not receive payments for any period of time prior to November 2018.